**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46064**

| | |
|---|---|
| In the Matter of: JOHN DOE, A Child Under Eighteen (18) Years of Age. | ) ) ) |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) ) Filed: October 11, 2018 |
| Petitioner-Respondent, | ) ) Karel A. Lehrman, Clerk |
| v. | ) ) THIS IS AN UNPUBLISHED |
| JOHN DOE, | ) OPINION AND SHALL NOT ) BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) ) |

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Courtnie Tucker, Magistrate.

Judgment terminating parental rights, affirmed.

Jolene C. Maloney, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Teri A. Whilden, Deputy Attorney General, Caldwell, for respondent.

---

LORELLO, Judge

John Doe appeals from a judgment terminating his parental rights. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The minor child of John Doe was born in October 2015. In September 2016, the child was placed in the care of the Idaho Department of Health and Welfare due to the child being without a caregiver after the child's mother was arrested for domestic violence following a fight with her boyfriend. At the time the child was placed in the Department's custody, his natural

1

father was unknown. Thereafter, John acknowledged paternity of the child, his legal status as the father of the child became established, and he became a party to the child protection proceedings. The magistrate approved a case plan for John.

While the child was in the custody of the Department, John's involvement with the child was minimal and John failed to complete the case plan. John exercised visitation with the child in the early stages of the case, but subsequently absconded from the area, did not have any contact with the Department, and his whereabouts were unknown. John only appeared once during the child protection proceedings and was absent during the trial regarding termination. Although the Department referred John for pretreatment screening for substance abuse, he stopped attending after two sessions. John never verified that he had employment or that he had safe, stable housing that was suitable for the child. John was charged with criminal acts during the pendency of this case and had been incarcerated.

In September 2017, the Department filed a petition to terminate John's parental rights. Following trial, the magistrate terminated John's parental rights after finding clear and convincing evidence that John had neglected the child and that termination is in the child's best interests. John appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). In a termination proceeding, due process and the substantial evidence test requires the trial court's findings be supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006); *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600. The appellate court will indulge all reasonable

inferences in support of the trial court's judgment when reviewing an order terminating parental rights. *Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65.

## III.

## ANALYSIS

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period and the inability to do so will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

John argues that the magistrate erred in concluding that he neglected his child and in concluding that termination is in the child's best interests. We hold that John has failed to establish the magistrate erred. We address each of John's arguments in turn.

### A. Neglect

Idaho Code Section 16-2002(3) defines "neglect" as any conduct included in I.C. § 16-1602(31). Neglect also includes situations where the parent has failed to comply with the court's orders or the case plan in a child protection case, the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months, and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. Section 16-1602(31)(a) provides that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for the child's well-being because of the conduct or omission of

his or her parents, or their neglect or refusal to provide them. Section 16-16002(31)(b) provides that a child is neglected when the parents are unable to discharge their responsibilities to and for the child, and as a result of such inability, the child lacks the parental care necessary for his or her health, safety, or well-being.

The magistrate found, and it is uncontested, that the child had been in the Department's custody for approximately nineteen months at the time of the termination trial, which is beyond the statutory goal of achieving reunification within fifteen months. The magistrate found that John neglected his child because, over the nineteen months the child was in the Department's custody, John did not exercise proper parental care and control over the child. Although John purchased a tricycle for the child, the magistrate found that John did not provide the child with subsistence, education, medical, or other care or control necessary for the child's well-being. The magistrate further found that John failed to engage in and complete the case plan.

John asserts that he had a limited ability to complete his case plan because he was not formally a party to the case until a few months prior to the termination proceedings. The child was placed in the care of the Department in October 2016. However, John's case plan was not developed by the Department until January 5, 2018.[1] John argues that the magistrate's finding that he failed to comply with the case plan was erroneous due to his "limited opportunity to receive services and referrals from the Department because his case plan was not developed and/or adopted until February 2018." John contends he was "penalized" for the Department's failure to "timely create and adopt a case plan" for him, which "denied him the opportunity to recover and extricate himself from the life he was living and finally make a sincere effort to fully participate in the case plan and reunify with his child."

The magistrate specifically addressed the Department's efforts to assist John and his opportunities to participate in the case plan. The magistrate found that the Department attempted to work with John during the pendency of the child protection case, but John did not avail himself of the Department's efforts to aid reunification. John's whereabouts were often unknown and his lack of effort appeared to be partially due to his incarceration for a period of time during the child protection case. Once the case plan was developed, a caseworker discussed

---

[1] The case plan for John was approved on February 6, 2018.

4

it with John, and the Department facilitated visitation between John and the child and referred John for meetings related to his substance abuse. The magistrate, however, found that John "ultimately failed to engage in the case plan and make efforts to reunify with the child." Other than John's general assertion that he had "limited opportunity to receive services," he identifies no evidentiary error in the magistrate's factual findings regarding his lack of effort and no legal basis for concluding that the opportunity he was given was insufficient. John has failed to show error in the magistrate's finding of neglect.

**B.     Best Interests of the Child**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate found it is in the best interests of the child to terminate the parent-child relationship. The magistrate cited the following factors in support of this finding: John failed to provide significant support for the child while the child was in foster care; John failed to meaningfully participate in meeting the child's needs while in foster care; John failed to demonstrate an ability to maintain housing or employment; John failed to demonstrate the ability to parent on a day-to-day basis; John continued to engage in criminal conduct during the course of the child protection action; and John was not in a position to provide a permanent, safe, and stable home for the child. In addition, the magistrate noted the child's improvement while in foster care where the child's special needs were being met by the foster parent. The child responds well to the foster parent and is stable in the foster home. Based on these findings, the

magistrate concluded there was clear and convincing evidence that termination is in the child's best interests.

John does not articulate any express challenge to the magistrate's best interests finding. John's only reference to best interests is in his conclusion where he states that the magistrate's findings on neglect and best interests "fail to take into account that despite [his] personal challenges," he "intended to comply with the case plan and reunify with the child." A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Even if we consider the arguments John made in relation to the magistrate's neglect finding in support of any challenge to the best interests determination, these arguments do not demonstrate error in the magistrate's specific reasons for finding termination is in the child's best interests. Any intent John may have had to comply with the case plan and reunify with the child does not address his lack of support for the child, his failure to meaningfully participate in the case plan, or his failure to demonstrate an ability to maintain stable housing, employment, or parent the child on a day-to-day basis. John has failed to show error in the magistrate's finding that termination is in the child's best interests.

## IV.

## CONCLUSION

There was clear and convincing evidence that John neglected the child and it is in the best interests of the child for John's parental rights to be terminated. Accordingly, the magistrate's judgment terminating John's parental rights is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR**.

6